

GRANTED.

The Court expects that only a small fraction of documents should be marked for Attorney's Eyes Only. If there any any abuses or bulk tagging, the Court may de-designate all AEO documents.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 42.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 8, 2025

September 3, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    RE:    Motion for Entry of Protective Order
             *The Shade Store, LLC v. Interior Motif Decorating Limited Liability Company, et al.*, Case No. 1:25-cv-2602 (AS)

Dear Judge Subramanian:

       I write on behalf of Plaintiff The Shade Store, LLC to respectfully request entry of the attached two-tier Protective Order. A comparison of Plaintiff's proposal and the Court's Model Protective Order will be emailed to Chambers.

       The proposed Protective Order establishes two levels of confidentiality—"Confidential" and "Attorneys' Eyes Only"—to ensure that sensitive business and personal information may be exchanged in discovery while safeguarding against unnecessary disclosure. The two-tier structure is designed to balance the parties' respective interests by (i) permitting the free flow of information necessary to prosecute and defend the case, while (ii) protecting competitively sensitive material and non-public personal information from dissemination beyond those who truly need access.

       In light of the parties' document requests, discovery in this matter will necessitate disclosure of trade secrets, financial records, pricing data, and other highly sensitive commercial information. Disclosure of such information to a competitor—particularly one located across the street from Plaintiff that is engaging in trademark infringement and unfair competition—would cause significant competitive harm to Plaintiff.

       Plaintiff requested Defendants' consent to the two-tier Protective Order but Defendants refused. Entry of the requested protective order will facilitate efficient discovery, minimize the risk of disputes over confidentiality designations, and allow the parties to proceed with exchanging documents and information without delay.

1100 Peachtree St NE
Suite 900
Atlanta, GA  30309

Gail Podolsky
gail@podolsky-law.com
404.282.7776
www.podolsky-law.com

136 Madison Avenue
5th & 6th Floors
New York, NY  10016

The Honorable Arun Subramanian
September 3, 2025
Page 2 of 2

    For the foregoing reasons, Plaintiff requests that the Court grant its Motion in its entirety, and enter the attached Protective Order.

    We thank the Court for its consideration of this request.

Sincerely,

*Gail Podolsky*

Gail Podolsky
Counsel for Plaintiff

1100 Peachtree St NE
Suite 900
Atlanta, GA  30309

Gail Podolsky
gail@podolsky-law.com
404.282.7776
www.podolsky-law.com

136 Madison Avenue
5th & 6th Floors
New York, NY  10016