UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SHADE STORE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INTERIOR MOTIF DECORATING LIMITED LIABILITY COMPANY D/B/A THE SHADE PLACE AND THE SHADE PLACE LLC; INTERIOR MOTIF SHORT HILLS LLC D/B/A THE SHADE PLACE AND THE SHADE PLACE LLC; THE SHADE PLACE MIAMI LLC D/B/A THE SHADE PLACE; STEPHAN ELBAZ; AND RAQUEL ASSOULINE, <br><br> Defendants. | 25-CV-2602 (AS) <br><br> PROTECTIVE ORDER |

ARUN SUBRAMANIAN, U.S.D.J.

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order shall not disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to anyone else except as expressly permitted hereunder.

1

2. The person producing any given Discovery Material may designate as CONFIDENTIAL only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. The ATTORNEYS' EYES ONLY designation is reserved for previously identified CONFIDENTIAL INFORMATION that contains or substantively relates to highly CONFIDENTIAL INFORMATION, such as (a) commercially sensitive information, including, without limitation, information obtained from a nonparty pursuant to a current nondisclosure agreement; (b) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party; (c) marketing, financial, sales, web traffic, research and development, or technical, data or information; (d) information or data relating to future products not yet commercially released and/or strategic plans; and (e) technical information.

4. With respect to the CONFIDENTIAL or ATTORNEYS' EYES ONLY portion of any

Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as CONFIDENTIAL or ATTORNEYS' EYES ONLY by stamping or otherwise clearly marking as CONFIDENTIAL or ATTORNEYS' EYES ONLY the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that the deposition included testimony on confidential information, in which case the transcript of the deposition will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY for a period of thirty (30) days following the release of the official transcript. The producing person or that person's counsel will, within thirty (30) days of the release of the official transcript (unless otherwise agreed to by the parties), provide the receiving person a copy of such transcript with the specific testimony containing confidential information, highlighted, stamped, or otherwise clearly marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a line-by- line basis, in a manner that does not interfere with legibility or audibility.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of

the Discovery Material designated by the producing person as CONFIDENTIAL to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness, consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. outside vendors or service providers (such as copy-service providers, and document-management consultants) retained by a party to assist that party in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g. any special master, mediator, or monitor that the parties engage in this action or that the Court appoints;

    h. stenographers engaged to transcribe depositions conducted in this action;

and

i. the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as ATTORNEYS' EYES ONLY to any other person whomsoever, except to:

   a. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   b. as to any document, its author and any other person indicated on the face of the document as having received a copy;

   c. any person retained by a party to serve as an expert witness, consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   d. outside vendors or service providers (such as copy-service providers, and document-management consultants) retained by a party to assist that party in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any special master or mediator that the parties engage in this action or that the Court appoints;

   f. stenographers engaged to transcribe depositions conducted in this action; and

   g. the Court and its support personnel.

8. All CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material itself, and not text that in no material way reveals the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The Court also retains unfettered discretion whether to afford CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment to any Discovery

Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature

of any Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall return all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material, including all copies, extracts, and summaries, to the producing Party, or, in lieu thereof, shall certify in writing that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated:   New York, New York
         September 8, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SHADE STORE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTERIOR MOTIF DECORATING LIMITED LIABILITY COMPANY D/B/A THE SHADE PLACE AND THE SHADE PLACE LLC; INTERIOR MOTIF SHORT HILLS LLC D/B/A THE SHADE PLACE AND THE SHADE PLACE LLC; THE SHADE PLACE MIAMI LLC D/B/A THE SHADE PLACE; STEPHAN ELBAZ; AND RAQUEL ASSOULINE,<br><br>    Defendants. | 25-CV-2602 (AS)<br><br>**NON-DISCLOSURE**<br><br>**AGREEMENT** |

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated: _____                                                                             _____